RYDER, Judge.
Appellant seeks review of the trial court’s order denying her petition for involuntary commitment. During the hearing on appellant’s petition, overwhelming evidence was presented indicating that appel-lees, S.B. and M.B., were abused and neglected while in the physical custody of their parents. However, the parents’ therapist, Dr. Edward J. Whyte, testified that he believed the parents were not responsible for the abuse. The order denying appellant’s petition finds that appellant proved by clear and convincing evidence that the parents abused and neglected S.B. and M.B., but that permanent commitment is not in the best interests of the children. The order states that the parents and HRS should enter into a new performance agreement to enable the family to achieve the goal of reunification, and that the parents and children should continue to have visits and family sessions over a period of several months under the supervision of the Department of Health and Rehabilitative Services and Dr. Whyte.
Our review of the record indicates that there is ample evidence to support the trial court’s findings that the parents have shown diligent efforts to rehabilitate themselves, have greatly improved their housing and employment situation and have had excellent visits with the children. Therefore, the trial court did not abuse its broad discretion in determining that the perma *1164 nent termination of parental rights is not in the best interests of the children and we affirm that portion of the order appealed. However, the requirement in the order that the parents continue their therapy sessions with Dr. Whyte conflicts with the court’s finding that the parents have abused and neglected the children. Since the therapy sessions constitute the parents’ primary means of addressing their abuse problem, the trial court should not have ordered the continuation of those sessions with a psychologist who maintains that the parents are not abusive. Therefore, we reverse and remand the matter to the trial court and instruct the court to amend its order to substitute a new therapist to carry out the intent of its order.
Affirmed in part, reversed in part and remanded with instructions.
CAMPBELL, C.J., and SCHOONOVER, J., concur.